I concur with the analysis contained in the majority opinion, but do not agree with its decision to affirm the trial court in this case. Here, the majority references Terry v. SMJ Growth Corp. (March 2, 2000), Cuyahoga App. No. 76803, unreported, where this court interpreted the word, final in a trial court's judgment entry to mean that the matter had been stayed.
However, a careful reading of Terry reveals the trial court there made the following entry:
 The Court having been informed of a pending Bankruptcy case, stays further proceedings in this action. Bankruptcy #98-15201. Case to be reinstated only upon motion. FINAL. (Emphasis added).
The instant case differs from Terry, in that, here, the trial court's entry reads in its entirety, as follows:
Notice of Bankruptcy. Final.
In this case, the trial court did not enter any stay, and I do not believe we should interpret the word final to mean anything. The fact in this case is that the Sowells have sued three parties in connection with their claims for violations of the lending laws as enunciated in their complaint. One of those parties, United Companies Lending Corporation, has filed a petition in bankruptcy; and here, rather than issuing a stay of this case pending the outcome of the bankruptcy proceeding as had been done in Terry, the trial court simply marked the journal entry final. The court, in my view, should have entered a stay as to all parties as the court did in Terry.
Accordingly, I would reverse the determination of the trial court in this case and remand the matter with instructions to stay proceedings pending resolution of the bankruptcy.
Therefore, I concur in part but dissent as to the majority's decision to affirm the trial court.